# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SALOME GONZALES,

    Petitioner,                                  Case No. 06-CV-10608
                                                             Honorable Gerald E. Rosen

v.

KENNETH ROMANOWSKI,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S
## PETITION FOR WRIT OF HABEAS CORPUS

On February 10, 2006, Petitioner Salome Gonzales, a state inmate currently incarcerated in the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to U.S.C. § 2254, asserting that he is being held in violation of his federal constitutional rights. Petitioner pleaded guilty (no contest) to the following: (1) two counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(b), and, (2) one count of child sexually abusive commercial activity, MICH. COMP. LAWS § 750.145c(2). Petitioner was sentenced by the Oakland County, Michigan, Circuit Court on November 26, 2001, to two concurrent terms of twenty-three to sixty years imprisonment on the first-degree-criminal-sexual- conduct convictions, and one concurrent term of ten to thirty years imprisonment on the child- sexually-abusive-commercial-activity conviction. Petitioner's sentences were enhanced due to his status as a second habitual offender.

In his pleadings, Petitioner asserts: (1) that the trial court exceeded the sentencing guidelines, (2) that his sentences violate the principle of proportionality, and, (3) that trial

counsel was ineffective. Respondent filed an answer to the petition on August 22, 2006, and filed the required Rule (5) materials on August 24, 2006. For the reasons stated below, the Court denies Petitioner's petition.

I.

This matter arises out of Petitioner's long-term sexual abuse of his niece, starting when she was eight-years-old and ending, when she reported the abuse, at age fourteen, and Petitioner's possession of sexually-explicit photographs of his niece, as well as two of his own children.

On November 5, 2001, Petitioner pleaded no contest to the charges against him. As part of the plea agreement, the trial court stated that it would sentence Petitioner within the Michigan statutory sentencing guidelines, which the prosecutor and Petitioner's attorney agreed provided a range of 135 to 281 months for the minimum term of Petitioner's sentence. The trial court indicated that it would allow Petitioner to withdraw his plea if it could not sentence him within the range provided by the sentencing guidelines.

On November 26, 2001, Petitioner appeared before the trail court for sentencing. The trial court sentenced Petitioner to twenty-three to sixty years imprisonment for each of his first-degree-criminal-sexual-conduct convictions and ten to thirty years imprisonment for the child-sexually-abusive-commercial-activity conviction.

Petitioner then filed a motion for re-sentencing. In its response to that motion, the trial court ordered that the statutory sentencing guidelines be amended to reflect a score of 10 points for offense variable 3, a score of 0 points for offense variable 11, and a score of 50 points for offense variable 13. However, because these amendments did not change the 135 to 281 month

range for the minimum term of Petitioner's sentence, the trial court denied Petitioner's motion for re-sentencing.

Subsequently, Petitioner, through appointed counsel, filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> I. Did the trial court err in scoring points under OV 3, OV 4, and OV 11, and abuse its discretion in denying Defendant's motion for re-sentencing, resulting in an inaccurate guideline range and increased sentence and is re-sentencing required?

On January 15, 2003, the Michigan Court of Appeals denied Petitioner's application for leave to appeal. *People v. Salome Gonzales*, No. 245028 (Mich.Ct.App. Jan. 15, 2003). Petitioner did not file a delayed application for leave to appeal in the Michigan Supreme Court.

Rather, in December 2003, Petitioner filed *pro se* motion for relief from judgment, pursuant to M.C.R. 6.500 *et. seq.*, with the trial court, raising the following claims:

> I. Did the trial court exceed the defendant['s] sentencing guidelines by 14 months, when the trial court sentence[d] the defendant to a term of 23 to 60 years incarceration, where his sentencing guidelines was [sic] 126 months to 262 months.
>
> II. Did Mr. Gonzales['] sentence violate the "principle of proportionality" when the trial judge abuse[d] her discretion when she failed to consider Mr. Gonzales['] background and mitigating factors?
>
> III. Was the defendant denied the effective assistance of trial counsel, where his attorney failed to inform the trial court of the proper and correct sentencing guidelines?

Petitioner also filed a motion seeking the appointment of counsel.

The trial court appointed an attorney for Petitioner and ordered the Oakland County

Prosecutor to respond to the motion for relief from judgment. In accordance with the trial court's order, both Petitioner's appointed attorney and the Oakland County Prosecutor filed additional pleadings with the trial court in March 2004. On May 4, 2004, the trial court denied the motion.

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals. On October 21, 2005, the Michigan Court of Appeals denied his application. *People v. Salome Gonzales*, No. 262127 (Mich.Ct.App. Oct. 21, 2005). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied on December 27, 2005, because Petitioner failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D). *People v. Salome Gonzales*, 474 Mich. 985, 707 N.W.2d 197 (2005).

Thereafter, Petitioner filed the pending petition for a writ of habeas corpus, presenting the following claims:

> I. Petitioner asserts that the trial court erred in (1) scoring points under OV 3, OV 4, and OV 11, and therefore abused its discretion in denying Petitioner's motion for re-sentencing, resulting in an inaccurate guideline range and increased sentence, and (2) exceeded the sentencing guidelines by fourteen months, when it sentenced Petitioner to a term of twenty-three years of incarceration, where the sentence guideline was 126 to 262 months, thus re-sentencing is required.
>
> II. Petitioner's sentence violated the "principle of proportionality," since the trial judge abused its discretion when it failed to consider Petitioner's background and mitigating factors.
>
> III. Petitioner was denied the effective assistance of trial counsel where his attorney failed to inform the trial court of the proper and correct sentencing guidelines of 126 to 262 months not 135 to 281 months.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this court's habeas corpus review of state-court decisions. Specifically, 28 U.S.C. § 2254(d) states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

Under (d)(1), a federal court may grant a writ of habeas corpus under two different clauses, both of which provide two bases for relief. Under the "contrary to" clause, a federal court may grant habeas relief if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has decided on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The words "contrary to" should be construed to mean "diametrically different, opposite in character or nature, or mutually opposed." *Id.*

Under the "unreasonable application" clause, a federal court may grant habeas relief if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts. *Williams*, 529 U.S. at 407-08. Relief is also available under this clause if the state-court decision either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new

context. *Id.* at 407; *Arnett v. Jackson*, 393 F.3d 681, 686 (6th Cir. 2005). The proper inquiry for the "unreasonable application" analysis is whether the state-court decision was "objectively unreasonable" and not simply erroneous or incorrect. *Williams*, 529 U.S. at 407; *Lordi v. Ishee*, 384 F.3d 189, 195 (6th Cir. 2004).

In analyzing whether a state-court decision is "contrary to" or an "unreasonable application of" clearly established Supreme Court precedent, a federal court may only look to the holdings, as opposed to dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003); *Williams*, 529 U.S. at 412.

With that standard in mind, the Court proceeds to the merits of the petition for a writ of habeas corpus.

### III.

#### A.

As an initial matter, Respondent alleges that the petition should be dismissed because Petitioner's first two habeas claims are state-law matters not cognizable in a federal habeas action and have not been exhausted (purported error in the scoring of the state sentencing guidelines and abuse of discretion in sentencing Petitioner due to the trial court's failure to consider Petitioner's background and mitigating factors), and that Petitioner has failed to fairly present those habeas claims to the state courts (procedural default). Respondent also argues that Petitioner has failed in his attempt to provide a basis (Petitioner's third claim of ineffective assistance of trial counsel) for excusing the default and that he does not demonstrate that a miscarriage of justice would result if this Court refused to address the claims. The Court agrees with Respondent that Petitioner's claims are unexhausted and are procedurally defaulted,

6

however, in the interests of justice, the Court will address the claims.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

This Court agrees with Respondent that Petitioner has not fairly presented these habeas claims to the state courts as federal constitutional issues. Thus, Petitioner has failed to fully exhaust his state court remedies as to these claims. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).

The Sixth Circuit has identified four actions that a petitioner can take which are significant to the determination of whether he has properly asserted both the factual and legal bases for his claim, i.e., "fairly presented" that claim:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

*Whiting v. Burt*, 395 F.3d 602, 613 (6th Cir. 2005) (quoting *McMeans v. Brigano*, 228 F;3d 674, 681 (6th Cir. 2000)).

Although there is a "strong presumption" in favor of requiring a state prisoner to pursue his available state remedies, it will be appropriate in some cases for the federal courts to address the merits of the habeas petition notwithstanding the lack of complete exhaustion. *Granberry*, 481 U.S. at 131. In *Granberry*, the Sixth Circuit stated, *inter alia*, that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Id.* at 135.

In this case, the Court finds that the pleadings filed by Petitioner in the state courts relied almost entirely on state law case authorities and statutes, none of which employed a federal constitutional analysis. As a result, regarding his sentencing claims, Petitioner has failed to meet the requirements pursuant to 28 U.S.C. § 2254 (b)(1) and the Sixth Circuit's decision in *Whiting*, *supra*.

However, a federal habeas petitioner who fails to comply with a state's procedural rules waives his right to federal habeas review absent a showing of cause for noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation or some showing

8

of a fundamental miscarriage of justice. *Gravely v. Mills*, 87 F.3d 779, 784-785 (6th Cir. 1996). The petitioner therefore has the burden of showing cause and prejudice to overcome a procedural default. *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999).

To the extent that Petitioner attempts to establish cause to excuse his procedural default by claiming that his appellate counsel was ineffective for failing to raise his claims in his direct appeal, he does not do so. However, Petitioner does argues in his third claim that his trial counsel was ineffective. Attorney error will not constitute adequate cause to excuse a procedural default unless it amounts to constitutionally ineffective assistance of counsel under the criteria established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Here, Petitioner has failed to demonstrate that his trial counsel was responsible for his failure to establish to the Michigan Courts that he was entitled to relief under M.C.R. 6.508(D). Nor does Petitioner assert that either appellate counsel, appointed to represent him in his direct appeal, or the attorney appointed by the court to represent him during the trial proceedings on his motion for relief from judgment, were ineffective in any way.

Since Petitioner has failed to establish cause for his procedural default, there is no need to determine whether Petitioner can meet the prejudice prong of the "cause and prejudice" test. *Smith v. Murray*, 477 U.S. 527 (1986); *Long v. McKeen*, 722 F.2d 286 (6th Cir. 1983). Petitioner cannot assert a claim of factual innocence, which would require the Court to review his claim, because Petitioner pleaded no contest to the criminal charges brought against him. Hence, the Court finds that Petitioner is not entitled to relief, but nevertheless will discuss the issues presented.

B.

Petitioner asserts that he is entitled to habeas relief because the trial court imposed sentences on his plea-based convictions which exceeded the sentencing guideline range of 126 to 262 months imprisonment applicable to his minimum sentence without "substantial and compelling" reasons, as required by state law. As stated above, claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

Petitioner's claim, that the trial court erred in departing above the guideline range, is not a proper issue for federal habeas review because it is a state law claim. *See McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). "In short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error in departing above the guideline range does not merit habeas relief. Looking at the egregious facts in this case, the Court finds that the trial court had substantial and compelling reasons to sentence Petitioner as it did – the fact that the victims were young children, and, included his own children. Moreover, pursuant to MICH.COMP.LAWS §§ 750.520b and 777.16y, the trial court could have sentenced Petitioner to the statutory maximum, which is life imprisonment. Against that backdrop, the Court therefore finds that Petitioner is not entitled to habeas relief regarding this claim.

C.

Petitioner also alleges that he is entitled to habeas relief because his concurrent sentences of 23 to 60 years imprisonment violate the principle of proportionality and constitute an abuse of discretion. Respondent contends that this claim constitutes a state law issue which lacks merit.

As discussed above, to the extent that Petitioner asserts that his sentence is disproportionate under state law, he fails to state a claim for federal habeas relief. *See Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). It is well-established that habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). There is also no federal constitutional right to individualized sentencing. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). On that basis, Petitioner is not entitled to habeas relief regarding this claim.

Nor does Petitioner argue that he is entitled to relief because his sentence constitutes cruel and unusual punishment under the Eighth Amendment. Nevertheless, the Court addresses the issue.

The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). "Federal courts will not engage in a proportionality analysis except in cases

11

where the penalty imposed is death or life in prison without possibility of parole." *Thomas*, 49 F.3d at 261.

Petitioner was sentenced to concurrent terms of 23 to 60 years imprisonment on his first-degree criminal sexual conduct convictions. Although the sentence exceeded the minimum guideline range, it was within the statutory maximum of life imprisonment for first-degree criminal sexual conduct, MICH.COMP.LAWS § 750.520b; *See also* MICH.COMP.LAWS § 777.16y. Accordingly, this Court concludes that the state court acted within its discretion in imposing Petitioner's sentence and there is no extreme disparity between Petitioner's crime and sentence so as to offend the Eighth Amendment. Habeas relief is therefore not warranted.

D.

In his third claim, as discussed above, Petitioner does not explicitly attempt to establish cause to excuse his procedural default by stating that his trial counsel was ineffective; rather he states that trial counsel was ineffective because he failed to inform the trial court of the proper and correct sentencing guidelines of 126 to 262 months not 135 to 281 months. Because this could be construed as an attempt by Petitioner to establish cause for his procedural default, it will be addressed.

Attorney error will not constitute adequate cause to excuse a procedural default unless it amounts to constitutionally ineffective assistance of counsel under the criteria established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A comparable test applies to claims of ineffective assistance of appellate counsel. *See Smith v. Jago*, 888 F.2d 399, 405 n. 1 (6th Cir. 1989). Petitioner makes no ineffective assistance of appellate counsel claim.

With respect to the performance prong of the *Strickland* test, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Strickland*, 466 U.S. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

The Court finds that Petitioner cannot satisfy the ineffective assistance of counsel elements of *Strickland*. Petitioner was sentenced within the proper statutory guidelines range, and any objection by counsel would have thus been overruled. Therefore, the Court finds that Petitioner is not entitled to habeas review on his ineffective assistance of counsel claim.

IV.

The state court decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. Petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: February 7, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager